Ann Marie KISICH, Plaintiff,

v.

UNITED STATES of America, John Potter, as he is Postmaster General of the United States, and Robert Delgreco, Individually and as Agent and Officer of the United States Postal Service, Defendants.

No. CIV.A.01–11704–JLT.

United States District Court, D. Massachusetts.

Aug. 11, 2003.

Comelius J. Sullivan, Sullivan & Walsh, Mattapan, MA, for Plaintiff.

Thomas J. Butters, Butters, Brazilian & Small, Michael P. Sady, United States Attorney's Office, Boston, MA, for Defendants.

## MEMORANDUM

TAURO, District Judge.

On October 11, 1999, Plaintiff Ann Marie Kisich a full-time mailhandler with the USPS since 1997, was physically and sexually assaulted by her supervisor, Defendant Robert Delgreco ("Delgreco") in an elevator at the General Mail Facility in Boston, Massachusetts.[1] While the two were alone in the elevator, Delgreco pressed his body up against Plaintiff and grabbed her left breast.[2] Plaintiff reported the incident to the Postal Police, the Postal Inspection Service and the Boston Police Department.[3] A criminal complaint was filed against Delgreco, to which he pleaded guilty.[4] Despite the incident, Delgreco maintained his supervisory position, which Plaintiff claims was in violation of USPS's sexual harassment and physical violence policies.[5]

---

1. *See* Compl. ¶¶ 13–14.

2. *See* Compl. ¶ 16.

3. *See* Compl. ¶ 18.

4. *See* Compl. ¶¶ 19–20, 34.

5. *See* Compl. ¶ 30.

After the incident, Plaintiff did not return to work until late November 1999. Plaintiff was taken off her regular assignment and moved to the "N" line, the hardest job at the facility.[6] Plaintiff was also denied overtime on her non-scheduled days, although she had previously received overtime on those days.[7]

In Count VI of her Complaint, Plaintiff asserts the United States is liable under the Federal Torts Claim Act ("FTCA")[8] because it: (1) failed to supervise Delgreco; (2) continued to employ Delgreco in a managerial position; (3) failed to discipline Delgreco; (4) failed to observe its own policy regarding zero tolerance of sexual discrimination; and (5) allowed reprisal actions to be taken against Plaintiff.[9] Defendants bring a Motion to Dismiss this claim, arguing the court lacks jurisdiction.

■ In the context of the current Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the facts alleged in the complaint, construe all reasonable inferences in favor of the Plaintiff, and determine whether the Plaintiff can recover under any cognizable legal theory.[10]

■ The FTCA excepts certain intentional torts from its general waiver of sovereign immunity.[11] Among these is "any claim arising out of assault [or] battery ...."[12] As the Supreme Court has stated, "[s]ection 2680(h) (of the FTCA) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery."[13] The

Court explained that this interpretation appears consistent with Congressional intent, as Congress likely did not want the United States to be financially responsible for "deliberate attacks by Government employees."[14]

■ Plaintiff states in the first sentence of her Complaint that "[t]his Complaint arises out of a physical and sexual assault on the Plaintiff ...."[15] Because this court believes that the actions of Delgreco are of the type Congress intended to except from the United States' general waiver of sovereign immunity granted by the FTCA, Plaintiff's claim under the FTCA is barred. Count VI of the Complaint, therefore must be DISMISSED. Defendants' Motion to Dismiss is otherwise DENIED.

AN ORDER WILL ISSUE.

6. *See* Compl. ¶¶ 23–24.

7. *See* Compl. ¶ 26.

8. 28 U.S.C. 1346.

9. *See* Compl. ¶¶ 64–67.

10. *See* Fed.R.Civ.P. 12(b)(6); *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 16 (1st Cir.1998).

11. 28 U.S.C. § 2680.

12. 28 U.S.C. § 2680(h).

13. *United States. v. Shearer,* 473 U.S. 52, 55, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985).

14. *Id.*

15. Compl. at 1.